Martin S. King
Worden Thane P.C.
321 W. Broadway, Suite 300
Missoula, MT 59802
mking@wordenthane.com
(406) 721-3400

Joshua D. Stadtler (Pro Hac Vice)
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Ave., Suite 1500
Portland, OR 97204
jstadtler@dunncarney.com
(503) 224-6440

*Attorneys for Defendants Sector Corporation and St. Johns Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| PSC CUSTOM, LLC, d/b/a POLAR SERVICE CENTER,<br><br>        Plaintiff,<br><br>   v.<br><br>HANOVER AMERICAN INSURANCE COMPANY, SECTOR CORPORATION, and ST. JOHNS CORPORATION,<br><br>        Defendants. | Cause No. CV-20-132-B-SPW<br><br>DEFENDANTS SECTOR CORPORATION'S AND ST. JOHNS CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSS-CLAIM AGAINST HANOVER AMERICAN INSURANCE COMPANY<br><br>JURY TRIAL DEMANDED |

## ANSWER

In answer to the Complaint for Declaratory Judgment (the "Complaint") filed by Plaintiff PSC Custom, LLC, d/b/a Polar Service Center ("Plaintiff"), Defendants Sector Corporation ("Sector") and St. Johns Corporation ("St. Johns") (collectively, "Defendants"), by and through their attorneys, state and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     In answer to the allegations contained in the first sentence of paragraph 1 of the Complaint, Defendants admit that Plaintiff is a foreign limited liability company with a foreign principal office that does business in Montana. With regard to the remaining allegations contained in that paragraph, Defendants are without sufficient information or knowledge to form a belief as to their truth and thus denies them.

2.     In answer to the allegations contained in the first sentence of paragraph 2 of the Complaint, Defendants admit that defendant Hanover American Insurance Company ("Hanover") is a foreign insurance company that is authorized to conduct, and does conduct, business in Montana. In answer to the allegations contained in the second sentence of that paragraph, Defendants admit that, during all times relevant to this dispute, Hanover was the insurer carrier for certain policies issued to St. Johns, the content of which speaks for itself. In answer to the allegations contained in the third and fourth sentences of paragraph 2 of the Complaint,

2

Defendants are without sufficient information or knowledge to form a belief as to their truth and thus denies them. Defendants otherwise deny the remaining allegations contained in that paragraph.

3.    In answer to the allegations contained in paragraph 3 of the Complaint, Defendants admit that St. Johns is an Oregon corporation. Defendants otherwise deny the remaining allegations contained in that paragraph.

4.    In answer to the allegations contained in the first sentence of paragraph 4 of the Complaint, Defendants admit that Sector is an Oregon corporation and that under that certain Lease Agreement (the "**Lease**") for 1635 North Frontage Road, Billings, Montana (the "**Premises**"), a true and correct copy of which is attached to the Complaint as Exhibit A, Sector is Plaintiff's Landlord. In answer to the allegations contained in the second sentence of that paragraph, Defendants admit that Sector is an additional named insured on certain policies Hanover issued to St. Johns, the content of which speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

5.    In answer to the allegations contained in the first sentence of paragraph 5 of the Complaint, Defendants admit that this Court has jurisdiction over the parties and, on information and belief, subject matter jurisdiction over this action. Defendants otherwise deny the remaining allegations contained in that paragraph.

/ / /

6.	In answer to the allegations contained in the first sentence of paragraph 6 of the Complaint, Defendants admit that this Court is a proper venue. Defendants otherwise deny the remaining allegations contained in that paragraph.

## GENERAL ALLEGATIONS

7.	The allegations contained in paragraph 7 of the Complaint incorporate the preceding paragraphs. In answer thereto, Defendants incorporate their allegations corresponding with those paragraphs.

8.	In answer to the allegations contained in paragraph 8 of the Complaint, Defendants admit that a true and correct copy of the Lease is attached to the Complaint as Exhibit A and that the content thereof speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

9.	In answer to the allegations contained in paragraph 9 of the Complaint, Defendants admit that the content of the Lease speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

10.	In answer to the allegations contained in paragraph 10 of the Complaint, Defendants admit that the content of the Lease speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

11.	In answer to the allegations contained in paragraph 11 of the Complaint, on information and belief, Defendants admit that, on or about the date alleged, a fire and explosion happened at Plaintiff's tank wash center on the Premises, which such

fire and explosion resulted in certain property damage on or about the Premises. As to the remaining allegations contained in that paragraph, Defendants are without sufficient information or knowledge to form a belief as to their truth and thus denies them.

12.     In answer to the allegations contained in paragraph 12 of the Complaint, on information and belief, Defendants admit that, on or about the date alleged, a fire and explosion happened at Plaintiff's tank wash center on the Premises, which such fire and explosion resulted in certain property damage on or about the Premises. As to the remaining allegations contained in that paragraph, Defendants are without sufficient information or knowledge to form a belief as to their truth and thus denies them.

13.     As to the allegations contained in paragraph 13 of the Complaint, Defendants are without sufficient information or knowledge to form a belief as to their truth and thus denies them.

14.     In answer to the allegations contained in paragraph 14 of the Complaint, Defendants admit that the content of that certain insurance policy number ZZ2 A012918 05 issued by Hanover to St. Johns (the "**Policy**"), and of what is attached to the Complaint as Exhibit B, speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

/ / /

DCAPDX\3552031.v6

15.     In answer to the allegations contained in paragraph 15 of the Complaint, Defendants admit that the content of the Policy speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

16.     In answer to the allegations contained in paragraph 16 of the Complaint, Defendants admit that the content of the Policy speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

17.     In answer to the allegations contained in paragraph 17 of the Complaint, Defendants admit that the content of the Policy speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

18.     In answer to the allegations contained in paragraph 18 of the Complaint, Defendants admit that the content of the Policy, and of what is attached to the Complaint as Exhibit C speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

19.     In answer to the allegations contained in paragraph 19 of the Complaint, Defendants admit that the content of the Policy speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

20.     In answer to the allegations contained in paragraph 20 of the Complaint, Defendants admit that the content of what is attached to the Complaint as Exhibit D speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

DCAPDX\3552031.v6

21. In answer to the allegations contained in paragraph 21 of the Complaint, Defendants admit that the content of what is attached to the Complaint as Exhibit E speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

22. In answer to the allegations contained in paragraph 22 of the Complaint, Defendants admit that the content of what is attached to the Complaint as Exhibit F speaks for itself. Defendants otherwise deny the remaining allegations contained in that paragraph.

## COUNT I: DECLARATORY JUDGMENT

23. The allegations contained in paragraph 23 of the Complaint incorporate the preceding paragraphs. In answer thereto, Defendants incorporate their allegations corresponding with those paragraphs.

24. In answer to the allegations contained in paragraph 24 of the Complaint, Defendants admit that, currently, there is a dispute as to whether the Policy provides coverage for certain property damage that happened at the Premises on or about May 9, 2020, specifically whether Hanover has a duty to indemnify Plaintiff or Defendants for such damage. Defendants otherwise deny the remaining allegations contained in that paragraph.

25. In answer to the allegations contained in paragraph 25 of the Complaint, Defendants admit that Sector has an interest in the Premises as the landlord thereof

7

and that St. Johns has an interest in the Premises as the named insured under the Policy, and as such are necessary parties to Plaintiff's declaratory judgment claim because a declaration by this Court on that claim could affect their interests. Defendants otherwise deny the remaining allegations contained in that paragraph.

26.     The allegations contained in paragraph 26 of the Complaint do not appear to require a response. To the extent they do, Defendants admit that Hanover had a duty to indemnify Plaintiff or Defendants for certain property damage that happened at the Premises on or about May 9, 2020 and that Hanover breached that duty and thus breached its obligations under the Policy and Montana law. Defendants otherwise deny the remaining allegations contained in that paragraph.

## COUNT II: BAD FAITH

27.     The allegations contained in paragraph 27 of the Complaint incorporate the preceding paragraphs. In answer thereto, Defendants incorporate their allegations corresponding with those paragraphs.

28.     The allegations contained in paragraph 28 of the Complaint do not appear to require a response. To the extent they do, Defendants admit them.

29.     The allegations contained in paragraph 29 of the Complaint do not appear to require a response. To the extent they do, Defendants admit them.

30.     The allegations contained in paragraph 30 of the Complaint do not appear to require a response. To the extent they do, Defendants admit them.

DCAPDX\3552031.v6

31.     The allegations contained in paragraph 31 of the Complaint do not appear to require a response. To the extent they do, Defendants admit them.

## COUNT III: BREACH OF CONTRACT

### (Against Hanover)

32.     The allegations contained in paragraph 32 of the Complaint incorporate the preceding paragraphs. In answer thereto, Defendants incorporate their allegations corresponding with those paragraphs.

33.     The allegations contained in paragraph 33 of the Complaint do not appear to require a response. To the extent they do, Defendants admit them.

34.     The allegations contained in paragraph 34 of the Complaint do not appear to require a response. To the extent they do, Defendants admit them.

35.     The allegations contained in paragraph 35 of the Complaint do not appear to require a response. To the extent they do, Defendants admit them.

## COUNT IV (ALTERNATIVE): BREACH OF CONTRACT

### (Against St. Johns and Sector)

36.     The allegations contained in paragraph 36 of the Complaint incorporate the preceding paragraphs. In answer thereto, Defendants incorporate their allegations corresponding with those paragraphs.

/ / /

/ / /

DCAPDX\3552031.v6

37. Defendants deny the allegations contained in paragraph 37 of the Complaint and aver that, as St. Johns is not a party to the Lease, it owes Plaintiff no contractual obligations thereunder.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint and aver that, as St. Johns is not a party to the Lease, it owes Plaintiff no contractual obligations thereunder.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint and aver that, as St. Johns is not a party to the Lease, it owes Plaintiff no contractual obligations thereunder.

40. Except as expressly admitted herein, Defendants deny each and every of the allegations contained in the Complaint, including without limitation the prayer for relief set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

41. With regard to one or more of Plaintiff's claims for relief, the Complaint fails to state ultimate facts sufficient to state a claim for which relief can be granted, for among other reasons, because St. Johns is not a party to, and is not in any way obligated under, the Lease.

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Prior Material Breach)

42.     Plaintiff's fourth claim for relief is barred because of one or more prior material breaches by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

43.     Plaintiff's fourth claim for relief is barred because Plaintiff's conduct breached the implied covenant of good faith and fair dealing applicable to every contract under Montana law, as set forth in Mont. Code Annot. § 28-1-211.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

44.     Plaintiff's fourth claim for relief is barred because one or more conditions precedent to any obligations related to the subject of this action that Sector may have owed Plaintiff under the Lease did not occur.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

45.     Plaintiff's fourth claim for relief is barred because Plaintiff failed to mitigate its alleged damages.

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

## (Fault of Others)

46.    Plaintiff's fourth claim for relief is barred because one or more third parties caused Plaintiff's alleged damages, and/or the alleged damages were caused by conditions, acts, or events unrelated to Defendants' action or inaction.

## SEVENTH AFFIRMATIVE DEFENSE

## (Equitable Estoppel)

47.    Plaintiff is equitably estopped from asserting its fourth claim for relief.

## EIGHTH AFFIRMATIVE DEFENSE

## (Waiver)

48.    Plaintiff's fourth claim for relief is barred because Plaintiff waived or intentionally relinquished or abandoned one or more of its alleged rights under the Lease or any obligations related to the subject of this action that Defendants may have owed Plaintiff thereunder.

## NINTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

49.    The doctrine of unclean hands bar Plaintiff's fourth claim for relief because Plaintiff's alleged damages resulted from Plaintiff's wrongful conduct.

/ / /

/ / /

DCAPDX\3552031.v6

## TENTH AFFIRMATIVE DEFENSE

## (Release)

50. Plaintiff's fourth claim for relief is barred because Plaintiff released Defendants from any obligations related to the subject of this action that Defendants may have owed Plaintiff under the Lease.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Novation)

51. Plaintiff's fourth claim for relief is barred because of a novation as to any obligations related to the subject of this action that Defendants may have owed Plaintiff under the Lease.

## TWELFTH AFFIRMATIVE DEFENSE

## (Modification)

52. Plaintiff's fourth claim for relief is barred because of a novation as to any obligations related to the subject of this action that Defendants may have owed Plaintiff under the Lease.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Substantial Compliance)

53. Plaintiff's fourth claim for relief is barred because Defendants substantially complied with any obligations related to the subject of this action that they may have owed Plaintiff under the Lease.

DCAPDX\3552031.v6

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Indemnification)

54.     Plaintiff's claims for relief are barred because (i) Plaintiff is obligated to indemnify Sector, including without limitation under paragraph 11(a) of the Lease, (ii) Hanover is obligated to indemnify Defendants, including without limitation under the Policy, (iii) Sector is entitled to indemnification under Plaintiff's insurance-related obligations set forth in paragraph 11(a) of the Lease, which require Plaintiff to maintain "reasonable public liability and property damage insurance" for Sector's benefit in the minimum amount of $1,000,000 "for damages resulting from personal liability" and also insurance on Plaintiff's "own personal property on the Premises, and (iv) Defendants are entitled indemnification as a matter of common law from one or more third parties that caused Plaintiff's alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Contribution)

55.     In the event Defendants are determined to be liable for any amount of damages to Plaintiff, (i) Sector is entitled to contribution from Plaintiff, including without limitation under paragraph 11(a) of the Lease, (ii) Defendants are entitled to contribution from Hanover, including without limitation under the Policy, (iii) Sector is entitled to contribution under Plaintiff's insurance-related obligations set forth in paragraph 11(a) of the Lease, which require Plaintiff to maintain

"reasonable public liability and property damage insurance" for Sector's benefit in the minimum amount of $1,000,000 "for damages resulting from personal liability" and also insurance on Plaintiff's "own personal property on the Premises, and (iv) Defendants are entitled to contribution as a matter of common law from one or more third parties that caused Plaintiff's alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

56.     Plaintiff's damages, if any, were proximately caused by its own conduct which conduct exceeded any damage caused by Defendants' conduct and thus serves to bar or reduce Plaintiff's damages, if any, under Montana law, including without limitation as a matter of comparative negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset / Setoff)

57.     In the event Defendants are determined to be liable for any amount of damages to Plaintiff, (i) Sector entitled to offset or setoff such amount by an amount equivalent to such as is due and owing by Plaintiff to Sector because of Plaintiff's breaches of contract and (ii) Defendants are entitled to offset or setoff such amount by an amount equivalent to such as is due and owing by Plaintiff to Sector because of Plaintiff's tortious conduct.

/ / /

DCAPDX\3552031.v6

# COUNTERCLAIM

For their counterclaims against Plaintiff, Defendants, by and through their attorneys, state and allege as follows:

## FIRST COUNTERCLAIM

### (Attorney Fees – By Defendants against Plaintiff )

58.     Defendants incorporate paragraphs 1 through 57 above.

59.     Defendants are entitled to recover their reasonable attorney fees, costs, and disbursements incurred in defending against the Complaint in an amount to be determined by the Court, including without limitation under paragraph 46 of the Lease, Mont. Code. Ann. § 28-3-704, and Mont. Code. Ann. §§ 27-8-311 and 27-8-313.

## SECOND COUNTERCLAIM

### (Declaratory Judgment – Sector against Plaintiff)

60.     Sector incorporates paragraphs 1 through 57 above.

61.     Sector, as Landlord, and Plaintiff, as Tenant, are parties to that certain Lease Agreement (the "**Lease**") for 1635 North Frontage Road, Billings, Montana (the "**Premises**"), a true and correct copy of which is attached to the Complaint as Exhibit A Lease.

/ / /

/ / /

DCAPDX\3552031.v6

62. On or about May 9, 2019, a fire and explosion happened at Plaintiff's tank wash center on the Premises, which such fire and explosion resulted in certain property damage on or about the Premises.

63. Under paragraph 11(a) of the Lease, Plaintiff owes Sector indemnity, defense, and hold harmless obligations to Sector as to "any liability for any claim, liability, damage or loss (including reasonable attorney fees) to any person or property in, on or about the Premises caused in whole or in part by Tenant's action or inaction."

64. Under that same paragraph, Plaintiff owes Sector certain insurance-related obligations, including but not limited to (i) procuring and keeping in effect during the term of the Lease "reasonable public liability and property damage insurance" for Sector's benefit in the minimum amount of $1,000,000 "for damages resulting from personal liability," (ii) maintaining insurance on Plaintiff's "own personal property on the Premises," and (iii) delivering to Sector a certificate of insurance naming Sector as additional insured.

65. Sector has requested that Plaintiff fulfill its indemnity, defense, and hold harmless and insurance-related obligations owed to Sector under paragraph 11(a) of the Lease, but Plaintiff has refused.

66. There exists a real and substantial dispute between Plaintiff and Sector to whether this action involves:

a. the adjudication of liability for a claim, liability, damage, or loss (including reasonable attorney fees) to property on or about the Premises caused in whole or in part by Plaintiff's action or inaction (namely, a fire and explosion that happened at Plaintiff's tank wash center on the Premises, which such fire and explosion resulted in certain alleged property damage on or about the Premises);

b. alleged damages resulting from Plaintiff's personal liability; and

c. alleged damages to Plaintiff's personal property.

67. Sector is entitled to a judicial declaration that, as this action involves the adjudication of liability for a claim, liability, damage, or loss (including reasonable attorney fees) to property on or about the Premises caused in whole or in part by Plaintiff's action or inaction, Plaintiff owes Sector a duty to indemnify, defend, and hold it harmless therefrom.

68. Sector is further entitled to a judicial declaration that, as this action involves alleged damages resulting from Plaintiff's personal liability and alleged damages to Plaintiff's personal property, Sector is entitled to the benefit of any proceeds available to cover such damages from any policy of insurance Sector maintained pursuant to its insurance-related obligations under paragraph 11(a) of the Lease.

/ / /

DCAPDX\3552031.v6

69.    Under paragraph 46 of the Lease, Sector is entitled to recover its reasonable attorney fees, costs, and disbursements in any action to interpret or enforce the Lease.

70.    This action involves interpretation and enforcement of the Lease.

71.    Sector has incurred and will continue to incur reasonable attorney fees, costs, and disbursements in this action in an amount to be determined at trial.

## THIRD COUNTERCLAIM

### (Breach of Contract – Sector against Plaintiff)

72.    Sector incorporates paragraphs 1 through 71 above.

73.    The Lease constitutes a contract under Montana law.

74.    This action involves the adjudication of liability for a claim, liability, damage, or loss (including reasonable attorney fees) to property on or about the Premises caused in whole or in part by Plaintiff's action or inaction for which, under paragraph 11(a) of the Lease, Plaintiff is required to indemnify and defend Sector and hold it harmless.

75.    This action also involves alleged damages resulting from Plaintiff's personal liability for which, under paragraph 11(a) of the Lease, Plaintiff was required to maintain reasonable public liability and property damage insurance" for Sector's benefit in the minimum amount of $1,000,000.

/ / /

DCAPDX\3552031.v6

76. This action also involves alleged damages to Plaintiff's personal property for which, under paragraph 11(a) of the Lease, Plaintiff was required to maintain insurance.

77. Under paragraph 11(a) of the Lease, Plaintiff was required to deliver to Sector a certificate of insurance naming Sector as additional insured.

78. Plaintiff breached the Lease, including without limitation by failing to fulfill:

    a. indemnity, defense, and hold harmless obligations owed to Sector under paragraph 11(a) of the Lease as to "any liability for any claim, liability, damage or loss (including reasonable attorney fees) to any person or property in, on or about the Premises caused in whole or in part by Tenant's action or inaction"; and

    b. insurance-related obligations owed to Sector under paragraph 11(a) of the Lease, including but not limited to (i) procuring and keeping in effect during the term of the Lease "reasonable public liability and property damage insurance" for Sector's benefit in the minimum amount of $1,000,000 "for damages resulting from personal liability," (ii) maintaining insurance on Plaintiff's "own personal property on the Premises," and (iii) delivering to Sector a certificate of insurance naming Sector as additional insured.

DCAPDX\3552031.v6

79. As a direct and proximate result of Plaintiff's breaches of the Lease, Sector has suffered damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, in an amount to be determined at trial.

80. Under paragraph 46 of the Lease, Sector is entitled to recover its reasonable attorney fees, costs, and disbursements in any action to interpret or enforce the Lease.

81. This action involves interpretation and enforcement of the Lease.

82. Sector has incurred and will continue to incur reasonable attorney fees, costs, and disbursements in this action in an amount to be determined at trial.

## FOURTH COUNTERCLAIM

### (Indemnification – Sector against Plaintff)

83. Sector incorporates paragraphs 1 through 82 above.

84. Under paragraph 11(a) of the Lease, Plaintiff owes Sector indemnity, defense, and hold harmless obligations to Sector as to "any liability for any claim, liability, damage or loss (including reasonable attorney fees) to any person or property in, on or about the Premises caused in whole or in part by Tenant's action or inaction."

85. As a direct and proximate result of Plaintiff's action or inaction, a fire and explosion happened at Plaintiff's tank wash center on the Premises, which such

fire and explosion resulted in certain property damage on or about the Premises, all of which has caused Sector to incur damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, in an amount to be determined at trial.

86.     Under paragraph 11 (a) of the Lease, Sector is entitled to indemnification and a defense from, and to be held harmless by, the Plaintiff for this action and judgment against Plaintiff in a sum equal to Sector's damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, in an amount to be determined at trial.

## FIFTH COUNTERCLAIM

### (Negligence – Sector against Plaintiff)

87.     Sector incorporates paragraphs 1 through 86 above.

88.     Plaintiff owed Sector a legal duty to occupy, operate and maintain the Premises in a reasonable and safe manner.

89.     Plaintiff breached its duty of care, and was negligent, by allowing a fire and explosion to happen at Plaintiff's tank wash center on the Premises, which such fire and explosion resulted in certain property damage on or about the Premises.

/ / /

DCAPDX\3552031.v6

90.     As a direct and proximate cause of Plaintiff's negligence, Sector suffered damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, in an amount to be determined at trial.

91.     Under paragraph 46 of the Lease, Sector is entitled to recover its reasonable attorney fees, costs, and disbursements in any action to interpret or enforce the Lease.

92.     This action involves interpretation and enforcement of the Lease.

93.     Sector has incurred and will continue to incur reasonable attorney fees, costs, and disbursements in this action in an amount to be determined at trial.

## SECTOR'S CROSS-CLAIMS AGAINST

## HANOVER AMERICAN INSURANCE COMPANY

### FIRST CROSS-CLAIM

#### (Declaratory Judgment)

94.     Sector incorporates paragraphs 1 through 57 and 61 through 62 above.

95.     Sector is an additional named insured under that certain commercial general liability policed issued by Hanover to St. Johns, Policy No. ZZ2 A102918 05, with an effective date of May 24, 2018 through May 24, 2019 (the "**Policy**"), a copy of which is attached to the Complaint as Exhibit B and the "Building and

/ / /

Personal Property Coverage Form" of which is attached to the Complaint as Exhibit C.

96.     After receiving notice of the casualty that resulted from fire and explosion to happen at Plaintiff's tank wash center on the Premises on or about May 9, 2019, St. Johns tendered the claim to Hanover, which, in turn, denied coverage in a letter dated October 10, 2019, a true and correct copy of which is attached hereto as Exhibit A.

97.     After Plaintiff filed this action, Sector tendered its defense and indemnity to Hanover under the Policy in a letter dated July 29, 2020, a true and correct copy of which is attached hereto as Exhibit B.

98.     Hanover denied Sector's tender in a letter dated September 2, 2020, a true and correct copy of which is attached hereto as Exhibit C.

99.     There exists a real and substantial dispute between Sector and Hanover as to whether Hanover owes Sector any coverage obligations under the Policy and Montana law for the casualty arising from certain property damage that happened at the Premises on or about May 9, 2019, including without limitation the claims asserted by Plaintiff against Sector herein.

100.   Sector is entitled to a judicial declaration that, under the Policy and Montana law, it is entitled to defense and indemnity from Hanover for the casualty arising from certain property damage that happened at the Premises on or about

May 9, 2019, including without limitation the claims asserted by Plaintiff against Sector herein.

## SECOND CROSS-CLAIM

### (Breach of Contract)

101. Sector incorporates paragraphs 1 through 57, 61 through 62, and 95 through 100 above.

102. The Policy constitutes a contract under Montana law.

103. Hanover's conduct as described here constitutes breaches of its contractual obligations owed to Sector under the Policy, including without limitation its obligation to defend and indemnify Hanover for the casualty arising from certain property damage that happened at the Premises on or about May 9, 2019, including without limitation the claims asserted by Plaintiff against Sector herein.

104. As a direct and proximate result thereof, Sector has suffered damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, in an amount to be determined at trial.

/ / /

/ / /

/ / /

DCAPDX\3552031.v6

# THIRD CROSS-CLAIM

## (Bad Faith)

105.   Sector incorporates paragraphs 1 through 57, 61 through 62, and 95 through 104 above.

106.   The Policy constitutes a contract under Montana law.

107.   As set forth in Mont. Code Annot. § 28-1-211, in every contract under Montana law, there is an implied covenant of good faith and fair dealing.

108.   Based on Hanover's conduct as described in Plaintiff's Complaint, and as admitted by Defendants above, Hanover committed statutory and common law bad faith, including without limitation by violating Mont. Code. Ann. §§ 33-18-201(1), (4), (5), (6), and (9), and breached the implied covenant of good faith and fair dealing.

109.   As a direct and proximate result thereof, Sector has suffered damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, in an amount to be determined at trial.

110.   Hanover's conduct is sufficient under Montana law to justify the imposition of punitive damages, including without limitation under Mont. Code Ann. §§ 33-18-242 and 27-1-221.

/ / /

DCAPDX\3552031.v6

111.   Under Montana law, Sector is entitled to recover its reasonable attorney fees, costs, and disbursements because it was forced to file these cross-claims to obtain coverage owed under a policy of insurance, namely the Policy.

112.   Sector has incurred and will continue to incur reasonable attorney fees, costs, and disbursements in this action in an amount to be determined at trial.

## JURY DEMAND

113.   Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand a trial by jury of all issues so triable that are raised in this action, or which hereinafter may be raised in this action.

WHEREFORE, as to the Complaint, Defendants respectfully request the following relief:

1.   A declaration that Hanover had a duty to defend and indemnify Plaintiff and/or these Defendants for certain property damage that happened at the Premises on or about May 9, 2020, and that Hanover breached that duty and thus its obligations under the Policy and Montana law.

2.   For an award against Hanover of such money damages as were caused to Plaintiff or these Defendants by Hanover's breach of and refusal to comply with its obligations owed under the Policy and violations of Montana statutory and common law on unfair claims practices by insurers and unfair trade practices,

27

including without limitation pre- and post-judgment interest, Plaintiff's and these Defendants' reasonable attorney fees or costs, and consequential damages.

3. For an award of punitive damages against Hanover pursuant to Montana statutory law, including without limitation Mont. Code. Ann. §§ 33-18-242(4) and 27-1-221.

4. For a judgment that Plaintiff takes nothing by way of the Complaint against these Defendants and that this Complaint as against these Defendants are dismissed with prejudice;

5. For an award of these Defendants' reasonable attorney fees, costs, and disbursements incurred in defending against the Complaint in an amount to be determined by the Court, including without limitation under paragraph 46 of the Lease, Mont. Code. Ann. § 28-3-704, Mont. Code. Ann. §§ 27-8-311 and 27-8-313.

6. For such other relief as this Court deems just and proper.

WHEREFORE, as to their Counterclaims, Defendants respectfully request the following relief:

1. For an award of Defendants' reasonable attorney fees, costs, and disbursements incurred in defending against the Complaint in an amount to be determined by the Court, including without limitation under paragraph 46 of the Lease, Mont. Code. Ann. § 28-3-704, and Mont. Code. Ann. §§ 27-8-311 and 27-8-313.

DCAPDX\3552031.v6

2.     A judicial declaration that, as this action involves the adjudication of liability for a claim, liability, damage, or loss (including reasonable attorney fees) to property on or about the Premises caused in whole or in part by Plaintiff's action or inaction, Plaintiff owes Sector a duty to indemnify, defend, and hold it harmless therefrom.

3.     A judicial declaration that, as this action involves alleged damages resulting from Plaintiff's personal liability and alleged damages to Plaintiff's personal property, Sector is entitled to the benefit of any proceeds available to cover such damages from any policy of insurance Sector maintained pursuant to its insurance-related obligations under paragraph 11(a) of the Lease.

4.     For damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, caused by Plaintiff's breaches of its contractual obligations owed to Sector, and by Plaintiff's tortious conduct, in an amount to be determined at trial.

5.     For such other relief as this Court deems just and proper.

WHEREFORE, as to its Cross-Claims against Hanover, Sector respectfully requests the following relief:

1.     A judicial declaration that, under the Policy, Sector is entitled to defense and indemnity from Hanover for the casualty arising from certain property

29

damage that happened at the Premises on or about May 9, 2019, including without limitation the claims asserted by Plaintiff against Sector herein;

2.     For damages, including without limitation consequential and incidental harm and loss, reasonable attorney fees, costs, and disbursements, and pre-judgment interest as applicable, caused by Hanover's breaches of its contractual obligations owed to Sector, violations of Montana's Unfair Trade Practices Act (specifically, Mont. Code Ann. § 33-18-242), and refusal to comply with the terms of a policy of insurance that Hanover issued (namely, the Policy), in an amount to be determined at trial.

3.     For an award of punitive damages, including without limitation under Mont. Code Ann. §§ 33-18-242 and 27-1-22, in an amount to be determined at trial.

4.     For an award of reasonable attorney fees, costs, and disbursements incurred because it was forced to file these cross-claims to obtain coverage owed under a policy of insurance (namely, the Policy) in an amount to be determined by the Court.

5.     For costs and reasonable attorney fees under Mont. Code. Ann. §§ 27-8-311 and 27-8-313.

6.     For such other relief as this Court deems just and proper.

DCAPDX\3552031.v6

DATED:  October 14, 2020.

/s/ Joshua D. Stadtler
JOSHUA D. STADTLER (Pro Hac Vice)
DUNN CARNEY LLP
Of Attorneys for Defendants Sector
Corporation and St. Johns Corporation

/s/ Martin S. King
MARTIN S. KING
WORDEN THANE P.C.
Of Attorneys for Defendants Sector
Corporation and St. Johns Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on October 14th, 2020, I electronically filed the

foregoing document with the Clerk of Court using the CM/ECF system, which will

send notification electronically to all attorneys of record.

/s/ Martin S. King
Martin S. King

DCAPDX\3552031.v6